UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

       - v. -                        :

ROBERT PARRIS,                      :
   a/k/a "Baldie,"
KEVIN BROWN,                        :
   a/k/a "KB,"
GREGORY BROWN,                      :
   a/k/a "Smooth,"
ERHAUYI OMOREGIE,                   :
   a/k/a "X,"
   a/k/a "X-Man,"                 :
JAMAL SMALLS,
   a/k/a "Poo Black,"             :
   a/k/a "Mack,"
DARRON MARCELLE,                    :
   a/k/a "Butter,"
JARELL BLAND,                       :
   a/k/a "Rell,"
KARRIEM THOMAS,                     :
   a/k/a "Scooter,"
JONATHAN CUNNINGHAM,                :
   a/k/a "Black,"
MICHAEL SMALLWOOD,                  :
SHELTON ROBINSON,
   a/k/a "Shep,"                  :
ANGELA RAMOS,
   a/k/a "Ange," and              :
ANGELENE AUGUSTE,
   a/k/a "Ms. X,"                 :

       Defendants.                 :

- - - - - - - - - - - - - - - - x

**JUDGE BATTS**

SEALED
<u>INDICTMENT</u>

13 Cr.



**13 CRIM 017**

COUNT ONE

    The Grand Jury charges:

    1.  From at least in or about June 2012, up through and including in or about January 2013, in the Southern District

of New York and elsewhere, ROBERT PARRIS, a/k/a "Baldie," KEVIN BROWN, a/k/a "KB," GREGORY BROWN, a/k/a "Smooth," ERHAUYI OMOREGIE, a/k/a "X," a/k/a "X-Man," JAMAL SMALLS, a/k/a "Poo Black," a/k/a "Mack," DARRON MARCELLE, a/k/a "Butter," JARRELL BLAND, a/k/a "Rell," KARRIEM THOMAS, a/k/a "Scooter," JONATHAN CUNNINGHAM, a/k/a "Black," MICHAEL SMALLWOOD, SHELTON ROBINSON, a/k/a "Shep," ANGELA RAMOS, a/k/a "Ange," and ANGELENE AUGUSTE, a/k/a "Ms. X," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that ROBERT PARRIS, a/k/a "Baldie," KEVIN BROWN, a/k/a "KB," GREGORY BROWN, a/k/a "Smooth," ERHAUYI OMOREGIE, a/k/a "X," a/k/a "X-Man," JAMAL SMALLS, a/k/a "Poo Black," a/k/a "Mack," DARRON MARCELLE, a/k/a "Butter," JARRELL BLAND, a/k/a "Rell," KARRIEM THOMAS, a/k/a "Scooter," JONATHAN CUNNINGHAM, a/k/a "Black," MICHAEL SMALLWOOD, SHELTON ROBINSON, a/k/a "Shep," ANGELA RAMOS, a/k/a "Ange," and ANGELENE AUGUSTE, a/k/a "Ms. X," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substances involved in the offense were: (i) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," and (ii) one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A).

## Overt Acts

4. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about June 7, 2012, KEVIN BROWN, a/k/a "KB," the defendant, sold approximately 20 grams of heroin to a confidential informant ("CI-1"), who was working at the direction of the New York City Police Department ("NYPD") and the Federal Bureau of Investigation ("FBI"), in exchange for $1,400, in the vicinity of 160th Street and Union Avenue, in the Bronx, New York.

    b. On or about June 27, 2012, KEVIN BROWN participated in a telephone conversation in which KEVIN BROWN arranged for the sale of approximately 28 grams of "crack" cocaine to CI-1, who was working at the direction of the NYPD and the FBI, by directing CI-1 to an associate in the vicinity

of Westchester Avenue and Longwood Avenue, in the Bronx, New York.

      c.    On or about June 27, 2012, ROBERT PARRIS, a/k/a "Baldie," the defendant, met with CI-1, who was working at the direction of the NYPD and the FBI, and sold CI-1 approximately 28 grams of "crack" cocaine in exchange for $1,020, in the vicinity of Westchester Avenue and Longwood Avenue, in the Bronx, New York.

      d.    On or about September 12, 2012, PARRIS sold approximately 40 grams of heroin to CI-1, who was working at the direction of the NYPD and the FBI, in exchange for $2,600, in the vicinity of Westchester Avenue and Longwood Avenue, in the Bronx, New York.

      e.    On or about September 28, 2012, PARRIS and SHELTON ROBINSON, a/k/a "Shep," the defendant, sold approximately 33 grams of heroin to CI-1, who was working at the direction of the NYPD and the FBI, in exchange for $2,045, in the vicinity of Westchester Avenue and Longwood Avenue, in the Bronx, New York.

      f.    On or about October 5, 2012, ERHAUYI OMOREGIE, a/k/a "X," a/k/a "X-Man," the defendant, and KEVIN BROWN participated in a telephone conversation during which OMOREGIE and KEVIN BROWN discussed a narcotics transaction

involving approximately 42 grams of either "crack" cocaine or heroin.

   g. On or about October 8, 2012, MICHAEL SMALLWOOD, the defendant, and PARRIS participated in a telephone conversation during which SMALLWOOD and PARRIS discussed methods of storing heroin.

   h. On or about October 12, 2012, JONATHAN CUNNINGHAM, a/k/a "Black," the defendant, and PARRIS participated in a telephone conversation during which CUNNINGHAM and PARRIS discussed a transaction involving approximately 10 grams of "crack" cocaine.

   i. On or about October 16, 2012, SMALLWOOD and PARRIS participated in a telephone conversation during which SMALLWOOD asked PARRIS to arrange the sale of approximately 28 grams of either "crack" cocaine or heroin.

   j. On or about October 27, 2012, JAMAL SMALLS, a/k/a "Poo Black," a/k/a "Mack," the defendant, KEVIN BROWN, and PARRIS participated in a telephone conversation during which SMALLS, KEVIN BROWN, and PARRIS discussed a potential narcotics transaction involving "crack" cocaine.

   k. On or about November 15, 2012, GREGORY BROWN, a/k/a "Smooth," the defendant, and PARRIS participated in a telephone conversation during which GREGORY BROWN and PARRIS

discussed a transaction involving approximately 112 grams of "crack" cocaine.

  l. On or about November 22, 2012, JARELL BLAND, a/k/a "Rell," the defendant, and PARRIS participated in a telephone conversation during which BLAND and PARRIS discussed a transaction involving "crack" cocaine.

  m. On or about November 22, 2012, ANGELA RAMOS, a/k/a "Ange," the defendant, and PARRIS participated in a telephone conversation during which PARRIS explained to RAMOS the status of the sales of "crack" cocaine supplied to PARRIS by KEVIN BROWN, on whose behalf RAMOS was working, and when PARRIS expected to be able to pay to RAMOS the proceeds from the sales of that "crack" cocaine.

  n. On or about November 23, 2012, CUNNINGHAM and PARRIS participated in a telephone conversation during which CUNNINGHAM arranged to return a quantity of "crack" cocaine to PARRIS, which PARRIS had previously supplied to CUNNINGHAM, because the quality of the drugs was insufficient for CUNNINGHAM's customers.

  o. On or about November 25, 2012, ANGELINE AUGUSTE, a/k/a "Miss X," a/k/a "X's Wife," the defendant, and PARRIS participated in a telephone conversation, during which PARRIS explained to AUGUSTE the status of the sales of the "crack" cocaine supplied to PARRIS by OMOREGIE, on whose behalf

AUGUSTE was working, that PARRIS still had approximately 20 grams of "crack" cocaine remaining to sell, and that PARRIS planned to pay AUGUSTE a portion of the proceeds from the sale of the "crack" cocaine which PARRIS had already sold.

  p. On or about November 29, 2012, GREGORY BROWN and PARRIS participated in a telephone conversation during which GREGORY BROWN agreed to arrange a purchase of approximately 44 grams of "crack" cocaine by PARRIS from DARRON MARCELLE, a/k/a "Butter," the defendant.

  q. On or about November 29, 2012, KARRIEM THOMAS, a/k/a "Scooter," the defendant, and PARRIS, exchanged approximately fifteen text messages in which THOMAS and PARRIS negotiated the price per gram of a "crack" cocaine transaction involving approximately 43 grams of "crack" cocaine.

  r. On or about December 7, 2012, BLAND and PARRIS participated in a telephone conversation during which BLAND and PARRIS discussed the complaint of SMALLS, the defendant, to them, concerning SMALLS's share of narcotics proceeds, and SMALLS's belief that he had not received an accurate share.

s.  On or about December 26, 2012, GREGORY BROWN participated in a telephone conversation with CI-1, who was working at the direction of the NYPD and the FBI, in which GREGORY BROWN offered to arrange a purchase of "crack" cocaine by CI-1 from MARCELLE.

(Title 21, United States Code, Section 846.)

## FORFEITURE ALLEGATION

5.  As a result of committing the controlled substance offense alleged in Count One of this Indictment, ROBERT PARRIS, a/k/a "Baldie," KEVIN BROWN, a/k/a "KB," GREGORY BROWN, a/k/a "Smooth," ERHAUYI OMOREGIE, a/k/a "X," a/k/a "X-Man," JAMAL SMALLS, a/k/a "Poo Black," a/k/a "Mack," DARRON MARCELLE, a/k/a "Butter," JARRELL BLAND, a/k/a "Rell," KARRIEM THOMAS, a/k/a "Scooter," JONATHAN CUNNINGHAM, a/k/a "Black," MICHAEL SMALLWOOD, SHELTON ROBINSON, a/k/a "Shep," ANGELA RAMOS, a/k/a "Ange," and ANGELENE AUGUSTE, a/k/a "Ms. X," the defendants, shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds PARRIS, KEVIN BROWN, GREGORY BROWN, OMOREGIE, SMALLS, MARCELLE, BLAND, THOMAS, CUNNINGHAM, SMALLWOOD, ROBINSON, RAMOS, and AUGUSTE, obtained directly or indirectly as a result of one or more of the violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission

of one or more of the violations alleged in Count One of this Indictment.

### Substitute Assets Provision

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a) cannot be located upon the exercise of due diligence;

    b) has been transferred or sold to, or deposited with, a third person;

    c) has been placed beyond the jurisdiction of the Court;

    d) has been substantially diminished in value; or

    e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

_____          _____
FOREPERSON                                PREET BHARARA
                                          United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

ROBERT PARRIS,
a/k/a "Baldie," et al.,

Defendants.

---

**SEALED INDICTMENT**

13 Cr. ___ (___)

(Title 21, United States Code, Section 846.)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

*/s/ FOREPERSON*

1/10/13   F ld Indictment under seal, arrest warrants issued.

P Hyman, US MJ